THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERT RANIERI, Appellant.—Judgment unanimously reversed on the law and new trial granted, in accordance with the following memorandum: On September 1, 1986, defendants went to the residence of their daughter and son-in-law, Rose and Juan Quintela, to pick up their granddaughter Beth Anne Ranieri for purposes of exercising their court-ordered visitation. Beth Anne, then nine years of age, is Rose Quintela's daughter by a prior marriage. Rose Quintela refused her parents entry into the home; she telephoned the nearby State Police barracks and asked that a car be sent to her home. Within minutes, Rose's husband Juan Quintela, a State Police officer, arrived. Defendants were refused visitation and were ordered to leave the premises. A scuffle involving Juan Quintela and defendants then ensued, resulting in defendants' arrest. Defendants were subsequently indicted for the crimes of second degree assault, resisting arrest, trespass and harassment.

At the joint trial, the court permitted Rose Quintela to

testify, over objection, about an incident that occurred on June 22, 1985 when defendants allegedly kidnapped her in order to prevent her marriage to Juan Quintela. We hold that it was error to permit this testimony of uncharged crimes *(see, People v Ventimiglia,* 52 NY2d 350; *People v Molineux,* 168 NY 264). It did not come within any of the exceptions to the *Molineux* rule, was not relevant, and had no probative value *(see, People v Ventimiglia, supra,* at 359-360). The only purpose it served was to prejudice defendants.

Similarly, the trial court erred in permitting Rose Quintela to testify about statements purportedly made to her by her daughter Beth Anne Ranieri. The statements allegedly provided the predicate for Rose Quintela's refusal to permit defendants to exercise court-ordered visitation with Beth Anne. The statements were clearly hearsay and do not come within a recognized exception to the hearsay rule *(see,* Richardson, Evidence §§ 200, 206 [Prince 10th ed]).

Defendants were denied a fair trial because of the admission of the hearsay statements and the evidence of uncharged crimes. Rose Ranieri is entitled to a new trial on the harassment and resisting arrest counts contained in the indictment. Albert Ranieri is entitled to a new trial with respect to the counts charging him with assault in the second degree, resisting arrest and harassment. Moreover, we conclude that resisting arrest (Penal Law § 205.30) is not a lesser included offense of second degree assault (Penal Law § 120.05 [3] [causing physical injury to a peace officer with intent to prevent him from performing a lawful duty]; *People v Glover,* 57 NY2d 61; *People v Chesebro,* 94 AD2d 897, 898). To the extent that this court's prior decisions in *People v Walker* (83 AD2d 990) and *People v Lett* (67 AD2d 1077) are to the contrary, they are no longer to be followed.

Finally, we conclude that the trial court did not err in setting aside the jury verdict finding defendants guilty of trespass. Although the trial court failed to specify the basis for its decision, it appears from the record that the court did not make a factual review by reweighing the evidence but found the evidence to be legally insufficient *(see,* CPL 470.15 [4], [5]; *People v Colon,* 65 NY2d 888; *People v Carter,* 63 NY2d 530). The People conceded that defendants entered the Quintela premises lawfully, but assert that the proof demonstrated that they remained there unlawfully after being ordered to leave. Therefore, the People contend, there was legally sufficient evidence to support the conviction of trespass (Penal Law § 140.05). Standing alone, this proof is insufficient

because unlawful remaining requires that the actor have knowledge that remaining is unlawful. Under the circumstances present here, it was reasonable for defendants to conclude that they had a license or privilege to be on the premises and such belief, even if mistaken, negated the element of "knowing unlawful remaining" *(see, People v Insogna,* 86 AD2d 979). (Appeal from judgment of Ontario County Court, Reed, J.—assault, second degree, and other charges.) Present—Denman, J. P., Boomer, Balio, Lawton and Davis, JJ.