■ DAVID HORNICK, Appellant, v SAMUEL MANDEL et al., Respondents.—Judgment, Supreme Court, Bronx County (Alan Saks, J.), entered on or about September 8, 1989, which, after a jury trial, awarded the defendants judgment dismissing the complaint, unanimously affirmed, without costs.

Defendants own and occupy a six-floor townhouse, using the first floor and the basement for defendant Samuel Mandel's medical practice. The plaintiff, a patient of Dr. Mandel, was injured when he fell on the stairs leading from the first floor to the basement. Four other patients saw Dr. Mandel that same day, and each testified at trial that there was nothing wrong with the stairs.

The jury verdict was for the defendants. On appeal, the plaintiff does not argue that the verdict was against the weight of the evidence.

Although the defendants initially brought the identity of the four other patients to the attention of their counsel's investigator without first obtaining the permission of those patients, each of those patients waived any physician-patient privilege by testifying at trial *(Iseman v Delmar Medical-Dental Bldg.,* 113 AD2d 276, 280).

The Trial Judge frequently ruled against plaintiff's counsel, sometimes in sharp language. Nevertheless, at no time did the Trial Justice demonstrate a personal bias against the plaintiff *(Bubbins v Bubbins,* 114 AD2d 346, 348).

None of the trial rulings challenged by the plaintiff on appeal warrants reversal, since they reflect an appropriate exercise of the trial court's discretionary power to control the litigation before it *(Feldsberg v Nitschke,* 49 NY2d 636, 643). Concur—Ross, J. P., Rosenberger, Asch and Smith, JJ.