■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIS BLOUNT, Appellant. [597 NYS2d 170] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Agresta, J.), rendered May 23, 1983, convicting him of robbery in the first degree (two counts) and burglary in the first degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by the defendant to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant was convicted, along with a codefendant, of the burglary of a home and the robbery of its residents. Contrary to the defendant's assertions, the evidence supports the hearing court's determination that the defendant knowingly and voluntarily waived his *Miranda* rights prior to making a confession to the police (see, *People v Prochilo,* 41 NY2d 759; *People v Rivera,* 171 AD2d 708). Further, this

confession was not taken in violation of the defendant's right to counsel *(see, People v Bing,* 76 NY2d 331; *People v Rogers,* 48 NY2d 167; *People v Kazmarick,* 52 NY2d 322). The defendant also claims that the destruction of certain notes taken by a police officer concerning the defendant's confession was a violation of *People v Rosario* (9 NY2d 286, *cert denied* 368 US 866). However, because the defendant failed to move for a sanction in the Supreme Court or to otherwise object, this issue has not been preserved for appellate review *(see, People v Hilliard,* 173 AD2d 559, *lv denied* 78 NY2d 1077).

Under current case law, admission of the nontestifying codefendant's statement which inculpated the defendant was a violation of the Confrontation Clause *(see, Cruz v New York,* 481 US 186; *Bruton v United States,* 391 US 123; *People v Hamlin,* 71 NY2d 750). However, on the facts at bar, the error was harmless. Finally, although certain comments by the court at sentencing were offensive, they did not indicate a preconceived notion of the defendant's guilt or convey prejudice or bias *(cf., People v Hayes,* 127 AD2d 607 [affirming the codefendant's conviction]).

We have examined the defendant's remaining contentions and found them to be without merit or unpreserved for appellate review. Mangano, P. J., Thompson, Balletta and Joy, JJ., concur.