■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REGINALD HARRELL, Appellant. [618 NYS2d 631] —Judgment, Supreme Court, New York County (Patricia Williams, J.), rendered January 17, 1992, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the fifth degree and unlawful possession of marihuana, and sentencing him, as a second felony offender, to concurrent terms of 2 to 4 years and 15 days, respectively, affirmed.

The trial court properly exercised its discretion in limiting the cross-examination of the detective who arrested defendant, since the questions asked were speculative, lacking a good faith basis, and the probative value of the matters sought to be elicited was outweighed by the danger that the main issues would be obscured and the jury confused *(see, People v George,* 197 AD2d 588, *lv denied* 82 NY2d 925; *People v Rodriguez,* 191 AD2d 723, *lv denied* 81 NY2d 1079). The situation at bar is distinguishable from *People v Garriga* (189 AD2d 236, *lv denied* 82 NY2d 718) and *People v Gaskin* (170 AD2d 458), upon which defendant relies, because the good faith basis for the precluded cross-examinations in those cases was evident from the circumstances, and the inquiries went directly to credibility and the witnesses' motives to fabricate.

We have considered defendant's other contentions and find

them to be without merit. Concur—Ross, Nardelli and Williams, JJ.

Ellerin, J. P., dissents in a memorandum as follows: I would grant defendant's motion to file a supplemental brief and hold the appeal in abeyance pending briefing of his argument that the evidence was insufficient as a matter of law to prove the requisite scienter for the crime of criminal possession of a controlled substance in the fifth degree *(People v Ryan,* 82 NY2d 497). Contrary to the majority, I believe that defendant's motion to dismiss for failure to prove a *prima facie* case preserved this issue for review as a matter of law *(see, People v Kilpatrick,* 143 AD2d 1) and that defendant has therefore demonstrated the existence of a viable appellate issue which was not included in his original brief.

The unpublished Decision and Order of this Court entered herein on August 4, 1994 is hereby recalled and vacated.