■ The People of the State of New York, Respondent, v John Llano, Appellant. [671 NYS2d 257] —Judgment, Supreme Court, Bronx County (Harold Silverman, J.), rendered July 1, 1994, convicting defendant, after a jury trial, of four counts of rape in the first degree, and sentencing him to concurrent terms of 6 to 18 years, unanimously affirmed.

The evidence was based on legally sufficient evidence and was not against the weight of the evidence (*People v Bleakley*, 69 NY2d 490). Issues concerning credibility and the evaluation of medical testimony were properly placed before the jury and we see no reason to disturb its determinations (*People v Austin*, 190 AD2d 508, *lv denied* 81 NY2d 1010).

Defendant's complaint that he was denied his right to be present at critical stages of the trial is without merit, because all of the sidebars and robing room conferences from which defendant claims to have been excluded concerned purely legal matters about which defendant possessed no peculiar knowledge with which to advance his position or counter that of the

prosecution (*see, People v Rodriguez*, 85 NY2d 586; *People v Velasco*, 77 NY2d 469).

Any error in the prosecutor's question to defendant with respect to whether he had "cooperated with" the police after his arrest was cured by the court's prompt curative instruction (*People v Davis*, 58 NY2d 1102, 1104; *People v Williams*, 46 NY2d 1070).

The court provided defendant with ample latitude with which to present his defense and the court's preclusion of certain remote or collateral evidence was a proper exercise of discretion (*see, People v DaCosta*, 201 AD2d 402, *lv denied* 83 NY2d 871).

We perceive no abuse of sentencing discretion.

We have considered defendant's remaining contentions and find them to be both unpreserved and without merit. Concur—Sullivan, J. P., Rosenberger, Nardelli, Rubin and Andrias, JJ.