■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL WILLIAMS, Appellant. [674 NYS2d 646] —Judgment, Supreme Court, New York County (Charles Tejada, J.), rendered February 7, 1995, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, unanimously affirmed.

The court properly exercised its discretion by prohibiting defendant from establishing that the arresting officer found a crack pipe on the individual arrested with defendant. This evidence was irrelevant. Even if it were marginally relevant to defendant's claim that he was using but not selling drugs, any minimal probative value was outweighed by its potential to confuse the jurors (*see, People v Harrell*, 209 AD2d 160, *affd* 86 NY2d 806). Even if we were to find this ruling to be erroneous, we would find the error to be harmless in view of the overwhelming evidence of guilt, including recovery of prerecorded buy money from defendant.

The court's instruction on the nature of the jury's deliberative process was sufficiently balanced and was not coercive (*see, People v Alvarez*, 86 NY2d 761; *People v Ford*, 78 NY2d 878). Concur—Lerner, P. J., Sullivan, Nardelli, Rubin and Saxe, JJ.