■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY DARRISAW, Appellant. [677 NYS2d 836] —Judgment

unanimously affirmed. Memorandum: On appeal from a judgment convicting him of assault in the second degree (Penal Law § 120.05 [3]) and resisting arrest (Penal Law § 205.30), defendant contends that the evidence is legally insufficient to support the assault conviction because the police officer did not suffer "physical injury" as defined by Penal Law § 10.00 (9). Viewed in the light most favorable to the People (*see, People v Contes,* 60 NY2d 620, 621), the evidence is legally sufficient to establish "physical injury" within the purview of the statute (*see, People v Lundquist,* 151 AD2d 505, 507, *lv denied* 74 NY2d 849). The police officer testified that defendant threw a stereo speaker that struck him in the groin. As a result, he suffered "intense pain" in the groin area causing difficulty in walking that continued for two days. The officer was treated at a hospital and given a prescription to relieve the pain. He was off duty for five days. Moreover, the verdict is not against the weight of the evidence (*see, People v Bleakley,* 69 NY2d 490, 495).

The contention of defendant that he was deprived of his right to testify before the Grand Jury has not been preserved for our review (*see,* CPL 190.50 [5] [c]), and we decline to exercise our power to reach that contention as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]; *People v Maldonado,* 176 AD2d 586). The record does not support defendant's contention that the prosecutor used perjured testimony of a police officer to secure the indictment. The alleged discrepancies in the testimony of the officer do not support the allegation that he perjured himself either before the Grand Jury or at trial. (Appeal from Judgment of Supreme Court, Monroe County, Mark, J.—Assault, 2nd Degree.) Present—Green, J. P., Lawton, Callahan, Balio and Fallon, JJ.