■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WEI CHEN, Also Known as WEI CHAN, Appellant. [682 NYS2d 145] —Judgment, Supreme Court, New York County (Alfred Kleiman, J.), rendered December 23, 1991, convicting defendant, after a jury trial, of four counts of kidnapping in the first degree and one count of criminal possession of a weapon in the third degree, and sentencing him to four concurrent terms of

25 years to life, concurrent with a term of 1 to 7 years, unanimously affirmed.

The court's evidentiary rulings restricting defendant's testimony and cross-examination of witnesses were appropriate exercises of discretion (see, People v Williams, 251 AD2d 93, lv denied 92 NY2d 883; People v Harrell, 209 AD2d 160, affd 86 NY2d 806), and defendant was given ample latitude with which to present his defense and challenge the victim's recollections (see, People v Llano, 249 AD2d 218, lv denied 92 NY2d 880).

Defendant's failure to object to the court's alleged overreaching or bias, as well as his failure to object to any of the allegedly prejudicial rulings and comments concerning defense counsel made in front of the jury, has rendered his claim of judicial interference unpreserved for review (People v Charleston, 56 NY2d 886), and we decline to review it in the interest of justice. Were we to review this claim, we would find that the court exercised "judicious restraint, to keep the proceedings within the reasonable confines of the issues and to encourage clarity rather than obscurity in the development of proof" (People v Moulton, 43 NY2d 944, 945). A review of the entire record reveals that the challenged conduct was generally attributable to defense counsel's conduct of the trial and that the court minimized any prejudice through curative instructions.

The prosecutor's interview with a potential alibi witness, in which she explained the legal consequences of taking the oath and of perjury, did not so intimidate the witness as to prevent him from testifying, since the witness did appear in court to testify on two occasions subsequent to the interview, and the record does not establish that the witness's ultimate failure to testify was the result of any intimidation.

We perceive no abuse of sentencing discretion, and find that the sentence was based entirely on proper criteria. Concur—Milonas, J. P., Nardelli, Williams, Tom and Andrias, JJ.