(May 13, 1999)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NESTOR RIVERA, JR., Appellant. [690 NYS2d 313] —Carpinello, J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered June 10, 1997, upon a verdict convicting defendant of the crime of sodomy in the second degree.

On July 18, 1996, defendant (born in 1966) was accused of engaging in an act of deviate sexual intercourse with the 13-year-old victim. Following trial, he was found guilty of the crime of sodomy in the second degree and sentenced as a second felony offender to a prison term of $3^{1}/_{2}$ to 7 years. Defendant contends on this appeal that County Court erred by failing to include in the jury charge the lesser included offense of sodomy in the third degree. We disagree.

A lesser included offense charge will be submitted to a jury if (1) it is theoretically impossible to commit the greater crime without at the same time committing the lesser crime (*see*, CPL 1.20 [37]) and (2) a reasonable view of the evidence would permit the jury to conclude that the defendant committed the lesser crime but not the greater (*see*, *People v Glover*, 57 NY2d 61, 64). In the instant matter, neither of these criteria has been met. First, it would not be impossible to commit the crime of sodomy in the second degree (*see*, Penal Law § 130.45 [whose elements require the accused to be over age 18 and the victim to be under age 14]) without concomitantly committing the lesser crime of sodomy in the third degree (*see*, Penal Law § 130.40 [2] [for which the accused must be over age 21 and the victim under age 17]). For instance, a 20-year-old perpetrator

who subjected a victim under the age of 14 to a deviant sexual act would be guilty of the crime of sodomy in the second degree but not of sodomy in the third degree in that he would not satisfy the requirement that the perpetrator must be over age 21. Even if this were not the case, there is no reasonable view of the evidence that would support a finding that defendant was not guilty of sodomy in the second degree but was, instead, guilty of the lesser offense of sodomy in the third degree (*see, People v Otero*, 217 AD2d 796, *lv denied* 87 NY2d 849; *People v Saddlemire*, 121 AD2d 791, 793, *lv denied* 68 NY2d 917). It was uncontested that the victim was 13 years old when he had her perform an act of oral sex. We conclude that County Court correctly refused to charge the jury with this or any other lesser offense.

We also reject defendant's contention that his sentence as a second felony offender to a prison term of 3½ to 7 years was harsh and excessive. Given defendant's previous criminal history, which included two prior felony convictions, the sentence was appropriate (*see, People v Griffen*, 233 AD2d 616, *lv denied* 89 NY2d 1012).

Crew III, J. P., Yesawich Jr., Spain and Graffeo, JJ., concur. Ordered that the judgment is affirmed.