■ DELCOR LABORATORIES, INC., et al., Appellants, v COSMAIR, INC., Respondent. [693 NYS2d 579] —Judgment, Supreme Court, New York County (Ira Gammerman, J., and a jury), entered July 25, 1997, in favor of defendant and against plaintiffs dismissing the complaint, unanimously affirmed, without costs.

The individual plaintiffs claim that they were defrauded into purchasing the corporate plaintiff by statements made by defendant's representatives at a dinner meeting that caused them to believe that defendant then had no reason to discon-

tinue its business relationship with the corporate plaintiff. Plaintiffs were given ample opportunity to present this claim to the jury, and were not otherwise deprived of a fair trial by the trial court's ruling limiting repetitive testimony about the conversations at this dinner meeting. Plaintiffs' claim that the trial court improperly curtailed evidence of events that occurred after the meeting was waived when their attorney agreed with the court that such evidence anticipated defenses that should not be addressed unless and until raised. While the court took an active role in the trial and often questioned witnesses, the questions were intended to clarify the testimony and expedite proceedings and did not interfere with the presentation of evidence or the cross-examination of witnesses (*cf.*, *Campbell v Rogers & Wells*, 218 AD2d 576, 579, distinguishing *Carson v New York City Health & Hosps. Corp.*, 178 AD2d 265). Nor did the court's rulings indicate judicial bias against plaintiffs (*see*, *Hornick v Mandel*, 166 AD2d 361), and although some of its comments were inappropriate, plaintiffs were not thereby deprived of a fair trial. The jury's verdict, which, in response to the court's interrogatories, indicated inability to reach consensus on whether defendant's representatives made false statements but determined that any such statements did not deceive plaintiffs and could not have been justifiably relied upon by them, was properly accepted by the court (*see*, *Marine Midland Bank v Russo Produce Co.*, 50 NY2d 31, 40-41). Concur—Nardelli, J. P., Mazzarelli, Lerner and Saxe, JJ.