■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEON W. ADAMS, Appellant. [708 NYS2d 651] —Judgment unanimously affirmed. Memorandum: Defendant was convicted after a jury trial of robbery in the second degree (Penal Law § 160.10 [2] [a]), arising from his theft of a purse from an 83-year-old woman. There was a struggle over the purse, causing an injury to the victim's right shoulder that required the victim's hospitalization for eight days. The victim thereafter had limited use of her right arm and required assistance in dressing herself. Although the victim was unable to identify her attacker, an eyewitness identified defendant's photograph from two photographic arrays and identified defendant in court. Additionally, the alleged driver of the getaway vehicle testified against defendant.

Defendant's contention that the evidence of physical injury is legally insufficient is not preserved for our review (*see, People v Gray,* 86 NY2d 10, 19). In any event, the victim's testimony establishes the requisite physical injury (*see,* Penal Law § 10.00 [9]; § 160.10 [2] [a]). We reject defendant's contention that the prosecutor's use of leading questions during the direct exami-

nation of the victim was improper. The victim was unable to recall details of the alleged incident because of her age, and the use of leading questions was permissible to develop her testimony (*see,* Prince, Richardson on Evidence § 6-229 [Farrell 11th ed]). We reject defendant's contention that the pretrial identification procedure employed by the police was unduly suggestive (*see, People v Lee,* 207 AD2d 953, *lv denied* 85 NY2d 864). Contrary to the contention of defendant, County Court's preclusion of certain evidence concerning the bias of the alleged driver of the getaway vehicle was not an abuse of discretion (*see, People v Retzer,* 245 AD2d 1132, *lv denied* 91 NY2d 976; *see also, People v Llano,* 249 AD2d 218, 219, *lv denied* 92 NY2d 880). Defendant's contention concerning the prosecutor's reference to defendant's drug use is not preserved for our review (*see,* CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). The sentence is not unduly harsh or severe. Finally, the contention of defendant in his *pro se* supplemental brief that he was denied effective assistance of counsel is without merit (*see, People v Baldi,* 54 NY2d 137, 147). (Appeal from Judgment of Oneida County Court, Donalty, J.—Robbery, 2nd Degree.) Present—Green, J. P., Wisner, Hurlbutt, Kehoe and Lawton, JJ.