■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANNY E. TRAVIS, Appellant. [711 NYS2d 514] —Rose, J. Appeal from a judgment of the County Court of Cortland County (Avery, Jr., J.), rendered May 4, 1999, upon a verdict convicting defendant of the crimes of attempted assault in the second degree and assault in the second degree.

On August 4, 1998, while an inmate at the Cortland County Jail, defendant threw balls of wet toilet paper at Matthew De Matteo, a correction officer. One of the balls struck De Matteo's left eye, causing an abrasion of the cornea. Defendant was subsequently indicted on two separate counts of assault in the second degree and, following a jury trial, he was convicted of attempted assault in the second degree and assault in the second degree. County Court sentenced defendant to concurrent determinate terms of imprisonment of four years for his conviction of attempted assault in the second degree and six years for his conviction of assault in the second degree. Defendant appeals.

We consider initially defendant's contention that certain medical reports and photographs of De Matteo in the People's possession were exculpatory and not timely provided to him despite his demands. The medical reports were from Michelle

Barno and Dean Mitchell, optometrists who examined De Matteo on August 7, 1998 and August 12, 1998, respectively, and each noted an "assessment/diagnosis" of "no apparent damage". The photographs taken on or about the date of De Matteo's injury appeared to portray him in an uninjured state. These materials were not furnished to defendant until approximately one week before trial.

Assuming, without deciding, that the materials involved here were exculpatory, we find that no reversible error occurred in relation to them. In *People v Cortijo* (70 NY2d 868), the Court of Appeals instructed that " '[w]hile the People unquestionably have a duty to disclose exculpatory material in their control,' a defendant's constitutional right to a fair trial is not violated when, as here, he is given a meaningful opportunity to use the allegedly exculpatory material to cross-examine the People's witnesses or as evidence during his case" (*id.*, at 870, quoting *People v Brown*, 67 NY2d 555, 559, *cert denied* 479 US 1093). The People's failure to furnish the materials to defendant earlier did not violate his right to a fair trial because, after obtaining a two-day adjournment of the trial in order to prepare, defendant used the reports effectively in cross-examining De Matteo, called Barno and Mitchell as defense witnesses, and offered two of the photographs into evidence.

Defendant further contends that County Court committed reversible error in denying his motion to compel production of additional potential *Brady* material consisting of statements he and others made in connection with an administrative jail grievance he filed against De Matteo for unfair treatment as a result of an event that occurred in February 1999. The evidence supports County Court's finding that the statements of events which occurred six months after the behavior resulting in the indictment are "neither relevant nor discoverable, and in any event, not exculpatory".

Defendant next contends that De Matteo testified to uncharged criminal, vicious or immoral conduct of defendant about which the People failed to notify defendant pursuant to the provisions of CPL 240.43 and the *Molineux* doctrine (*see, People v Molineux*, 168 NY 264). The statute provides that "[u]pon a request by a defendant, the prosecutor shall notify the defendant of all specific instances of a defendant's prior uncharged criminal, vicious or immoral conduct of which the prosecutor has knowledge and which the prosecutor intends to use at trial *for purposes of impeaching the credibility of the defendant*" (CPL 240.43 [emphasis supplied]). Specifically, De Matteo testified that on the day of the assault defendant had

lost the privilege of making telephone calls as the result of a jail disciplinary proceeding, De Matteo then blocked defendant's attempt to make a telephone call and defendant retorted, "when I get off key block tomorrow you better watch the f\*\*k out". The People elicited this testimony during its case-in-chief to provide the context in which the charged conduct occurred, as evidence of defendant's intent and not to impeach his testimony. Accordingly, County Court properly allowed the testimony.

Defendant also contends that County Court committed reversible error by admitting into evidence a bag containing a collection of toilet paper and banana peel. Kristopher Keelhar, a correction officer who witnessed the incident and subsequently gathered the contents of the evidence bag offered by the People, testified that the exhibit contained all of the material thrown by defendant, some of which struck De Matteo and some of which did not. County Court instructed the jury that "there has been no testimony that the object that struck Officer DeMatteo, if that's what you believe, had any debris in it". In light of this clarifying instruction, admission of this physical evidence was not error.

We find a similar lack of merit in defendant's contention that County Court demonstrated judicial bias against him and in favor of the People by opining to counsel that he would be convicted, usurping the prosecutor's function and ruling in favor of the People to an excessive degree. When County Court's statements are read in context, however, they reveal no bias and the record shows no interference with the introduction of evidence or the cross-examination of witnesses. Moreover, on the six occasions when County Court asked questions, they were clearly intended to clarify and expedite the proceedings (*see, Delcor Labs. v Cosmair, Inc.*, 263 AD2d 402, 403, *lv denied* 94 NY2d 761; *Pallotta v West Bend Co.*, 166 AD2d 637, 639; *People v Morin*, 96 AD2d 1135, 1136)

Finally, defendant contends that his convictions are not supported by legally sufficient evidence that a dangerous instrument was utilized to injure De Matteo, that De Matteo in fact suffered a physical injury and that defendant had the requisite intent to commit the crime.

To conclude that there is legally sufficient evidence to support a jury verdict, this Court "must determine whether there is any valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury * * * and as a matter of law satisfy the proof and burden requirements for every element of the crime charged" (*People v*

*Bleakley*, 69 NY2d 490, 495 [citation omitted]). Here, the first count of the indictment charged assault in the second degree under Penal Law § 120.05 (2). To establish this crime, the evidence must show that a defendant, "[w]ith intent to cause physical injury to another person * * * causes such injury to such person * * * *by means of* * * * *a dangerous instrument*" (Penal Law § 120.05 [2] [emphasis supplied]). Defendant was acquitted of this charge, but convicted of the lesser included offense of attempted assault in the second degree. "A person is guilty of an attempt to commit a crime when, with intent to commit a crime, he engages in conduct which tends to effect the commission of such crime" (Penal Law § 110.00). We conclude that the evidence here is insufficient to support the jury's finding that defendant attempted to cause injury "by means of * * * a dangerous instrument" (Penal Law § 120.05 [2]; *see, Matter of Lavasia V.*, 237 AD2d 183).

A dangerous instrument is defined as "any instrument, article or substance * * * which, under the circumstances in which it is used, attempted to be used or threatened to be used, *is readily capable of causing death or other serious physical injury*" (Penal Law § 10.00 [13] [emphasis supplied]). "It is well established that an innocuous instrument can become a dangerous instrument when 'under the circumstances in which it is * * * threatened to be used, [it] is readily capable of causing * * * serious physical injury'" (*People v Garraway*, 187 AD2d 761, 761-762, *lv denied* 81 NY2d 886, quoting Penal Law § 10.00 [13]; *see, People v Curtis*, 89 NY2d 1003; *People v Vasquez*, 88 NY2d 561, 580). However, when an innocuous instrument is involved, its capability to readily cause serious injury must be a reasonable inference from its use rather than a remote and unforeseeable consequence.

The instruments here were compressed balls of wet toilet paper, some of which were mixed with banana and thrown by defendant from a distance of 12 to 15 feet. The ball which struck De Matteo was small enough to pass through one of the 2½-inch openings in a protective grate, and there was no evidence that it contained anything other than toilet paper and water. While a ball of compressed wet toilet paper could be used in a way which would readily cause serious physical injury if, for example, it contained sharp pieces of metal or glass and was thrown with force at a vulnerable target, here there is no evidence in the record that any of the balls thrown by defendant contained debris reasonably capable of readily causing serious injury. Banana and banana peel were the only debris testified to at trial, and the People established no additional

circumstances that made those comparatively soft materials a foreseeable threat of serious injury. Without the capability of causing serious injury, the wet toilet paper could not be a dangerous instrument and, absent that element, there could be neither an assault in the second degree under Penal Law § 120.05 (2) nor an attempt to commit such a crime.

On the other hand, defendant's conviction of assault in the second degree under the second count of the indictment was supported by sufficient evidence from which a rational jury could conclude that he had intended to and did cause physical injury to De Matteo. Under Penal Law § 120.05 (7) a person is guilty of assault in the second degree if: "Having been charged with or convicted of a crime and while confined in a correctional facility * * * pursuant to such charge or conviction, with intent to cause physical injury to another person, he causes such injury to such person". Physical injury is the "impairment of physical condition or substantial pain" (Penal Law § 10.00 [9]). Here, the evidence at trial established that defendant, while incarcerated in a correctional facility, intended to physically injure De Matteo and did so by striking him in the eye with a compressed ball of wet toilet paper.

The element of intent to cause physical injury was evidenced by defendant's earlier threat, "when I get off key block tomorrow you better watch the f**k out", by his repeated shouting during the incident, "take that motherf****r, yeah, take that motherf****r", and the physical circumstances of the assault. Additionally, the jury could infer that defendant intended the natural consequences of his act of striking De Matteo in the eye (see, Matter of David I., 258 AD2d 805, 807).

The element of resulting physical injury is amply established by De Matteo's testimony that he received emergency room medical treatment about one hour after the injury was sustained, he suffered stinging, throbbing and aching pain in and around his left eye which lasted from 1½ to 2 days, his eyesight was blurry and impaired for about a week, he was given antibiotic eyedrops to treat the injury and he missed 2½ days of work as a result of the injury. It is also supported by the testimony of Eugene Guidarelli, the physician's assistant who examined De Matteo, that De Matteo sustained a "pretty obvious" abrasion across the left cornea, an injury that would impair his vision and be accompanied by pain. Although the corneal abrasion had apparently healed by the time Barno examined De Matteo on August 7, 1998, she testified that possible residual bruising in the back of the eye would not be detectable at that point, yet could be the cause of De Matteo's

continued complaint of blurry vision. It was within the jury's province to assess the credibility of these witnesses and those presented by defendant, and to determine the weight to be given to their descriptions of De Matteo's condition. Sufficient evidence was presented here that De Matteo not only experienced substantial pain, but also suffered impaired vision, sought medical attention, received medication and lost time from work (*see, People v Bailey*, 259 AD2d 779; *People v Douglas*, 143 AD2d 452, 456).

Cardona, P. J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the judgment is modified, on the law and the facts, by reversing so much thereof as convicted defendant of the crime of attempted assault in the second degree; said count of the indictment dismissed; and, as so modified, affirmed.