■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS C. DARLING, Appellant. [714 NYS2d 393] —Carpinello, J. Appeal from a judgment of the County Court of Cortland County (Avery, Jr., J.), rendered September 7, 1999, upon a verdict convicting defendant of the crimes of rape in the second degree (two counts), sexual abuse in the second degree (two counts), sodomy in the second degree and endangering the welfare of a child.

In July 1998, a six-count indictment was handed up against

defendant in Cortland County accusing him of various sex-related offenses, including rape in the second degree, sexual abuse in the second degree, sodomy in the second degree and endangering the welfare of a child, stemming from allegations that he had sexual intercourse and inappropriate sexual contact with the 12-year-old daughter of his live-in girlfriend (hereinafter the victim) in November 1996. At that time, charges of sexual abuse in the first degree and endangering the welfare of a child were pending against him in Tompkins County, also relating to allegations of inappropriate sexual contact with the victim. Defendant was found guilty as charged following a jury trial and sentenced as a second felony offender to an aggregate prison term of 9 to 18 years. He appeals.

We address first defendant's claim that various *Brady* violations warrant dismissal of the indictment or, at the least, a new trial (*see, Brady v Maryland*, 373 US 83). To be sure, the People's duty to disclose exculpatory information arises only if it is in their possession (*see, e.g., People v Vilardi*, 76 NY2d 67, 73). Defendant points to the People's alleged failure to produce medical records pertaining to a January 1998 gynecological examination of the victim at a local Planned Parenthood office, mental health records from a clinic which provided counseling to her between December 1997 and May 1998, and the criminal file generated by the Tompkins County District Attorney's office in conjunction with the charges pending against him there. The record does not establish that the People failed to timely disclose these records.

The medical and mental health records were generated and held by the respective medical and counseling facilities which provided services to the victim. The medical records were not in the possession of the People until just prior to trial, at which time they were promptly forwarded to defense counsel. County Court found that the time which defense counsel had to review them before trial (four days) was sufficient. We agree with County Court and find no *Brady* violation under these circumstances. As to the victim's counseling records, defense counsel himself sought an order directing production of these records and County Court signed a subpoena duces tecum for an in camera review. Although counsel was subsequently given a fortuitous opportunity to review the confidential records because they were inadvertently delivered to him instead of to the court, they contained no exculpatory material. Finally, as to the Tompkins County criminal file, the record makes clear that defense counsel was given the opportunity to review the entire file yet choose not to avail himself of that opportunity. Never-

theless, certain portions of this file were provided to defense counsel from defendant's previous attorney in that case. Here again we perceive no *Brady* violation.

Next, we find particularly unpersuasive the contention that County Court demonstrated bias against defendant by ruling in favor of the People "to an excessive degree" throughout the proceedings and by "usurping the [People's] function at trial." These very same contentions were raised by defense counsel against the same Judge in another matter before this Court and rejected (*see, People v Travis*, 273 AD2d 544). Defendant specifically accuses County Court of acting as a "second and more powerful prosecutor" in the matter and of effectuating a "virtual 'tag team' " against him citing various out-of-context "examples" of bias and prejudice. Upon our review of the record as a whole, we find these assertions totally unfounded.

Throughout all proceedings in this matter, County Court ruled on motions and objections in an equal-handed manner, demonstrating no bias or favoritism toward either side. While the court did on occasion ask questions during the examination of various witnesses—including the only defense witness—the questions were clearly intended to assist the witnesses in being more specific regarding dates and events so as to clarify matters for the jury as the proof developed and to expedite the proceedings (*see, People v Travis, supra; People v Chen*, 256 AD2d 75, 76, *lv denied* 93 NY2d 859). The court's questions were typically factual in nature—asking for a specific year when one was not provided by the witness or the last name of a referenced person—and were generally helpful, reasonable and consistent with the court's supervisory role over the proceedings (*see, People v Noonan*, 220 AD2d 811, 813; *People v Tunstall*, 197 AD2d 791, *lv denied* 83 NY2d 811).

As a final matter on this issue, we note that defense counsel never moved for recusal (*see*, Judiciary Law § 14; *compare, People v Nenni*, 269 AD2d 785, *lv denied* 95 NY2d 801) or voiced any objection to County Court's conduct at trial. Thus, defendant's present claims of judicial bias and prejudice are not only unpreserved for review (*see, People v Association of Trade Waste Removers*, 267 AD2d 137, *lv denied* 94 NY2d 916; *People v Chen, supra*, at 76), they are without merit, there being no showing that any alleged bias or prejudice actually existed or that same unjustly affected the outcome of the trial (*see, People v Nenni, supra*). Nor do we find that any comment directed toward defendant at sentencing reveals that the court harbored preconceived notions of bias or guilt against him (*see, People v Blount*, 193 AD2d 610, *lv denied* 82 NY2d 714).

Finally, in view of the abhorrent nature of defendant's conduct against the young victim and noting that he has a prior sex-related felony conviction, we reject the claim that the sentence imposed—which was not the maximum permitted under the law—is harsh and excessive (*see, People v Koury*, 268 AD2d 896, *lv denied* 94 NY2d 949; *People v Nailor*, 268 AD2d 695; *People v Rivera*, 261 AD2d 709, 710, *lv denied* 93 NY2d 977). Defendant's remaining contentions, to the extent not discussed, have been reviewed and rejected.

Cardona, P. J., Crew III, Graffeo and Mugglin, JJ., concur. Ordered that the judgment is affirmed.