■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWRENCE SULLIVAN, Appellant. [728 NYS2d 320] —Judgment unanimously modified on the law and as modified affirmed and new trial granted on count six of indictment in accordance with the following Memorandum: On appeal from a judgment convicting him of numerous charges relating to resisting arrest and the violation of an order of protection, defendant contends that the evidence is legally insufficient to establish that the victim sustained a physical injury within the meaning of Penal Law § 10.00 (9) to support the conviction of aggravated criminal contempt (Penal Law § 215.52) and assault in the third degree (Penal Law § 120.00 [1]). Defendant failed to preserve that contention for our review (*see, People v Gray*, 86 NY2d 10, 19). Were we to exercise our power to review that contention as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]), we would conclude that it lacks merit. Defendant threw the victim down her cellar stairs and then threw a stereo speaker on top of her. County Court received without objection the medical records of the victim, which contain as part of the history: "complains of severe pain to elbow." That evidence is legally sufficient to establish that the victim

sustained a physical injury, defined as "impairment of physical condition or substantial pain" (Penal Law § 10.00 [9]).

Defendant also failed to preserve for our review his contention that the evidence is legally insufficient to establish that he was served with the order of protection in favor of the victim (*see, People v Gray, supra,* at 19). In any event, the Geneva City Court Clerk testified that defendant was present in court when the order was issued, and thus the People established that defendant had actual knowledge of the terms of the order.

We reject defendant's further contention that the evidence is legally insufficient to support the conviction of assault in the second degree (Penal Law § 120.05 [2]) because the police officer did not sustain a physical injury. The police officer testified that he sustained a "soft tissue injury" resulting in "severe pain" in his ankle and shin. The injury caused pain and difficulty in walking for two days. The officer was treated at a hospital and was released from duty for 1½ days. Thus, "[v]iewed in the light most favorable to the People (*see, People v Contes,* 60 NY2d 620, 621), the evidence is legally sufficient to establish 'physical injury' within the purview of the statute" (*People v Darrisaw,* 254 AD2d 821, *lv denied* 92 NY2d 1030; *see, People v Greene,* 70 NY2d 860, 862-863; *People v Travis,* 273 AD2d 544, 548-549).

Defendant also failed to preserve for our review his contention concerning the court's alleged judicial interference during trial (*see, People v Chen,* 256 AD2d 75, 76, *lv denied* 93 NY2d 859; *see also, People v Charleston,* 56 NY2d 886, 887). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). The court properly denied defendant's request to charge criminal contempt in the second degree (Penal Law § 215.50 [3]) as a lesser included offense of criminal contempt in the first degree (Penal Law § 215.51 [b] [v]). There is no reasonable view of the evidence that would support a finding that defendant "committed the lesser offense but not the greater" (*People v Glover,* 57 NY2d 61, 63).

We conclude, however, that the court erred in denying defendant's request to charge obstructing governmental administration in the second degree (Penal Law § 195.05) as a lesser included offense of assault in the second degree (Penal Law § 120.05 [3]). We have previously determined that obstructing governmental administration is a lesser included offense of assault in the second degree under subdivision (3) of Penal Law § 120.05 (*see, People v Walker,* 83 AD2d 990, 990-991). *Walker* was disavowed on another ground in *People v*

*Ranieri* (144 AD2d 1006, *lv denied* 73 NY2d 895), and thus *Ranieri* did not affect our determination in *Walker* with respect to this issue. Further, a reasonable view of the evidence would support a finding that defendant committed the lesser offense but not the greater; the jury could have found that the police officer did not sustain a physical injury (*see generally, People v Glover, supra,* at 63). The court's failure to charge the lesser included offense constitutes reversible error (*see, People v Maharaj,* 89 NY2d 997, 999).

We therefore modify the judgment by reversing the conviction of assault in the second degree and vacating the sentence imposed thereon, and we grant a new trial on count six of the indictment. We also agree with defendant that the order of protection exceeds the maximum legal duration. Although the certificate of conviction indicates that the order of protection shall extend for nine years, the order of protection itself provides that it will remain in effect from September 8, 1999 until September 8, 2011, which is a period of 12 years. Because the order of protection was entered in regard to the conviction relating to the victim only, it could extend no longer than nine years (*see,* CPL 530.13 [4]; *People v Nunez,* 267 AD2d 1050, *lv denied* 94 NY2d 905; *see also, People v Jones,* 277 AD2d 928, 929). Consequently, the order of protection must be amended to provide for expiration on September 8, 2008. (Appeal from Judgment of Ontario County Court, Henry, Jr., J.—Assault, 2nd Degree.) Present—Pine, J. P., Hayes, Hurlbutt, Scudder and Lawton, JJ.