■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM JONES, Appellant. [598 NYS2d 40] —Appeal by the defendant from a judgment of the County Court, Nassau County (Wexner, J.), rendered January 10, 1991, convicting

him of criminal possession of a weapon in the third degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and statements made by him to the police.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

Suppression of physical evidence and the defendant's statements was properly denied. "In the circumstances presented, defendant's flight furnished reasonable suspicion that he had committed or was about to commit a crime such that pursuit by the officers was justified" *(People v Matienzo,* 81 NY2d 778, 780; *see also, People v Martinez,* 80 NY2d 444). The police rightfully pursued the defendant, and the contraband abandoned by the defendant during the course of that pursuit was properly admitted at trial.

However, the trial court improperly prevented defense counsel from questioning a police witness about various civil actions brought against him for alleged police brutality, false arrest, and his alleged use of excessive force. We therefore conclude that a new trial is warranted.

It is well settled that a witness may be interrogated upon cross-examination with respect to any immoral, vicious or criminal acts which may affect his character and show him to be unworthy of belief, provided the cross-examiner questions him in good faith and upon a reasonable basis in fact *(People v Morales,* 147 AD2d 381, 384; Richardson, Evidence § 498 [Prince 10th ed]). "When the witness is *not* the defendant, there is no danger that the jury will apply evidence of prior acts of misconduct to anything but the witness' credibility. Therefore, there is no proper basis to restrict cross-examination of a nondefendant witness as to such prior acts of misconduct" *(People v Allen,* 67 AD2d 558, 560, *affd* 50 NY2d 898; *see also, People v Williams,* 142 AD2d 310, 316).

In the present case, the defendant established a good faith basis for the questions, and the information reflected upon the witness' trustworthiness. Although not every error which improperly curtails the right of the accused to cross-examine a prosecution witness is per se reversible error *(People v Batista,* 113 AD2d 890, 892), because Officer Snyder was the only witness who testified that the defendant disposed of the gun and the defense set forth was that the defendant had been

framed, we cannot say that this error was harmless beyond a reasonable doubt.

We have examined the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Sullivan, Copertino and Santucci, JJ., concur.