■ In the Matter of JEROME D., a Person Alleged to be a Juvenile Delinquent, Appellant. [622 NYS2d 786] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Esquirol, J.), dated May 4, 1993, which, upon a fact-finding order of the same court, dated December 23, 1992, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of burglary in the first degree, robbery

in the first degree, and robbery in the second degree, adjudged him to be a juvenile delinquent, and placed him on probation for a period of two years. The appeal brings up for review the fact-finding order dated December 23, 1992.

Ordered that the order is reversed, on the law, without costs or disbursements, the fact-finding order is vacated, and the matter is remitted to the Family Court, Kings County, for a new fact-finding hearing.

The court improperly prevented the appellant's Law Guardian from questioning the presenting agency's main witness as to whether he had previously burglarized the complainant's apartment. It is well settled that a witness may be interrogated upon cross-examination with respect to any immoral, vicious, or criminal acts which may affect his character and show him to be unworthy of belief, provided the cross-examiner questions him in good faith and upon a reasonable basis in fact (see, People v Jones, 193 AD2d 696; People v English, 126 AD2d 738; People v Allen, 67 AD2d 558, 560, affd 50 NY2d 898).

In the present case, the Law Guardian established a good faith basis for the question, and the information sought reflected upon the witness's credibility. Since the witness was the only witness to identify the appellant as one of the perpetrators of the burglary and the Law Guardian set forth the theory that the witness may have been involved in the burglary, we cannot say that this error was harmless (see, People v Jones, 193 AD2d 696, supra). Bracken, J. P., Rosenblatt, Lawrence, Krausman and Goldstein, JJ., concur.