◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC HASENFLUE, Appellant. [675 NYS2d 464] —White, J. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered October 11, 1996 in Ulster County, upon a verdict convicting defendant of the crime of driving while intoxicated.

Around 4:00 P.M. on January 15, 1995, Yvonne Sharot looked out the front window of her residence located on Sawkill Road in the Town of Ulster, Ulster County, and saw defendant park his pickup truck on the westbound shoulder of the road. She then saw him get out of the truck and stagger across the road. Alarmed that he might seek help from her, Sharot called the

police. When Officer Anthony Cruise arrived at the scene, he observed defendant standing on the east shoulder of Sawkill Road. As Cruise walked toward the truck, he saw defendant staggering across the road. When defendant reached the truck, Cruise engaged him in conversation. Defendant admitted driving the truck which prompted Cruise to ask him for his driver's license, which defendant produced. Because defendant's speech was slurred and he smelled of alcohol, Cruise asked him to perform certain field sobriety tests, including the alphabet recitation test and finger count tests. As the tests were being performed, Officer Parako Purvis arrived at the scene. He noticed that defendant's eyes were glassy, that his speech was slurred and that he was emitting a strong odor of alcohol. Defendant failed each test, indicating that he was unable to perform the one leg stand test because "I'm drunk."

At that point, Cruise arrested defendant for driving while intoxicated and transported him to the police station where Sergeant Donald Short also noticed the odor of alcohol coming from defendant's breath and his slurred speech. At the commencement of the booking procedure, defendant was given his *Miranda* rights and the warning regarding refusal to take a chemical test. Despite repeated warnings, defendant refused to take a breathalyzer test. As the booking procedure progressed, defendant became violent, allegedly physically attacking Purvis and damaging a typewriter. As a result, he was indicted for, *inter alia*, the crimes of assault in the second degree, criminal mischief in the third degree and operating a motor vehicle while under the influence of alcohol as a misdemeanor in violation of Vehicle and Traffic Law § 1192 (3) (driving while intoxicated). Following a jury trial, defendant was only convicted on the last charge. He now appeals.

First, defendant contends that since he was in custody, he should have been advised of his *Miranda* rights prior to the administration of the alphabet recitation and finger counting field sobriety tests. We disagree. Defendant's contention that he was in custody is misplaced since it is well established that persons temporarily detained pursuant to a typical traffic stop are not in custody for the purposes of *Miranda* (*see, Pennsylvania v Bruder*, 488 US 9, 11; *Berkemer v McCarty*, 468 US 420, 440). In this instance, defendant's roadside detention cannot be deemed custodial since it was brief (*compare, People v Banks*, 85 NY2d 558) and Cruise's observation of defendant's physical condition justified detaining him for the limited purpose of investigating whether he was operating his motor vehicle while under the influence of alcohol (*see, People v Tittensor*, 244 AD2d

784; *People v Noonan*, 220 AD2d 811). In any event, we do not consider responses to an alphabet recitation test or finger counting test to be testimonial or communicative because they do not reveal the person's subjective knowledge or thought processes (*see, People v Hager*, 69 NY2d 141, 142; *Commonwealth v Vanhouton*, 424 Mass 327, 335-336, 676 NE2d 460, 466-467 [and cases from other jurisdictions cited therein reaching the same conclusion]). Therefore, defendant's motion to suppress his responses to these tests was properly denied.

At trial, defendant's cross-examination of Purvis and Short regarding Purvis' alleged involvement in an unprovoked physical attack upon another police officer was curtailed by Supreme Court. As a general rule, the trial court is granted broad discretion in making evidentiary rulings and, absent an abuse of discretion, a trial court's decision should not be disturbed on appeal (*see, People v Aska*, 91 NY2d 979). Inasmuch as witnesses may be interrogated upon cross-examination with respect to any immoral, vicious or criminal acts which may affect their character and show them to be unworthy of belief, provided the cross-examiner questions them in good faith upon a reasonable basis in fact, Supreme Court abused its discretion in limiting defendant's cross-examination since the record shows that defense counsel had a reasonable basis in fact for his questions (*see, People v Jones*, 193 AD2d 696). This error, however, was harmless since Purvis was not the People's principal witness regarding the driving while intoxicated charge (*compare, Matter of Jerome D.*, 212 AD2d 699).

Next, defendant takes issue with Supreme Court's *Sandoval* ruling permitting the People to ask if he had been convicted of two crimes but precluding further inquiry. In our view, Supreme Court did not abuse its discretion in crafting its ruling as it represents a careful balance between the probative worth of defendant's prior criminal acts against the risk of prejudice to him (*see, People v Walker*, 83 NY2d 455, 458-459; *People v Pollock*, 50 NY2d 547, 549).

Defendant further argues that the trial evidence was legally insufficient to establish beyond a reasonable doubt that he operated a motor vehicle while intoxicated. We disagree. Viewing in the light most favorable to the People the police officers' testimony regarding his physical condition, defendant's failure to pass the field sobriety tests, his admission that he was drunk and his aberrant behavior in the police station, together with the inference that his refusal to take the breathalyzer test demonstrated consciousness of guilt, we find that there was sufficient evidence supporting the jury's conclusion that defen-

dant operated his vehicle while intoxicated (see, People v Chico, 90 NY2d 585, 588-589; People v Totman, 208 AD2d 970). Further, upon our independent review of the facts, we conclude that the verdict is not against the weight of the evidence (see, People v D'Angelo, 244 AD2d 788, lv denied 91 NY2d 890).

Lastly, we have not considered defendant's objection to Supreme Court's charge to the jury since it was not preserved for our review (see, People v Hutton, 88 NY2d 363, 381). For these reasons, we affirm.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.