THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CURTIS MIDDLEBROOKS, Appellant. [752 NYS2d 759] —Appeal from a judgment of Supreme Court, Erie County (Rossetti, J.), entered May 19, 2000, convicting defendant after a nonjury trial of assault in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following a nonjury trial of assault in the first degree (Penal Law § 120.10 [3]), defendant contends that his inculpatory statements made to the police should have been suppressed because they were obtained in violation of his right to counsel (see generally People v Settles, 46 NY2d 154, 161). We disagree. The fact that defendant was represented by counsel on a pending unrelated drug charge for which he had been released from custody did not preclude questioning on the instant assault charge (see People v Burdo, 91 NY2d 146, 149; People v Bing, 76 NY2d 331, 350). Although the codefendant on the drug charge was the complainant on the assault charge, there is no

evidence that the two charges were inextricably interwoven, and thus it cannot be said that questioning concerning the assault charge "inevitably involve[d] some potentially incriminating discussion" of the drug charge (*People v Townes*, 41 NY2d 97, 104).

Contrary to defendant's further contention, Supreme Court did not err in precluding cross-examination of the complainant regarding her psychiatric history. A defendant has a constitutional right to confront the witnesses against him through cross-examination. With respect to the psychiatric condition of a witness, "the defense is entitled to show that the witness's capacity to perceive and recall events was impaired by that condition" (*People v Baranek*, 287 AD2d 74, 78; *see People v Brown*, 121 AD2d 732, *lv denied* 68 NY2d 810). Here, however, defendant failed to make the requisite offer of proof that the complainant "had such a history, or that such evidence would bear upon her credibility or otherwise be relevant" (*People v Byers*, 254 AD2d 494, 494, *lv denied* 93 NY2d 1043; *cf. People v Knowell*, 127 AD2d 794, 794-795).

By failing to object to the testimony of the People's expert, defendant has failed to preserve for our review his contention that the testimony lacked a sufficient foundation and should not have been admitted because the court did not conduct a *Frye* hearing (*see* CPL 470.05 [2]; *People v Angelo*, 88 NY2d 217, 223). In any event, the People's expert was properly permitted to testify concerning the ignition temperatures of cigarettes and nail polish remover. The People laid a sufficient foundation to establish "that the processes and methods employed by the expert in formulating his * * * opinions adhere[d] to accepted standards of reliability within the field" (*People v Wilson*, 133 AD2d 179, 183; *see People v Brown*, 67 NY2d 555, 560, *cert denied* 479 US 1093), and a *Frye* hearing was unnecessary because the expert's testimony did not involve novel scientific evidence (*see People v Wernick*, 89 NY2d 111, 115-116; *see generally Frye v United States*, 293 F 1013).

We agree with defendant that the People committed a *Brady* violation by failing to disclose a plea agreement with the complainant, who as previously noted herein was the codefendant with respect to a drug charge against defendant. Pursuant to that plea agreement, the complainant promised "continued cooperation with [the District Attorney's Office] in the prosecution of [defendant]." The *Brady* violation does not require reversal, however, because defendant received the *Brady* material as part of the *Rosario* material provided to him and was given a meaningful opportunity to use the exculpatory

evidence to cross-examine the complainant (*see People v Cortijo*, 70 NY2d 868, 870; *People v Bonilla*, 298 AD2d 871).

Defendant was not denied his statutory right to a speedy trial under CPL 30.30 (1) (a), and the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). Present—Pigott, Jr., P.J., Pine, Wisner, Kehoe and Burns, JJ.