(July 8, 2004)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERT DALEY, Appellant. [780 NYS2d 423]—

Lahtinen, J. Appeal from a judgment of the County Court of Greene County (Pulver, Jr., J.), rendered September 14, 1999, upon a verdict convicting defendant of the crimes of promoting prison contraband in the first degree and menacing in the second degree.

In April 1998, defendant, while incarcerated at Coxsackie Correctional Facility in Greene County, was involved in an altercation with correction officers during which he allegedly swung a razor blade. He was indicted for the crimes of promoting prison contraband in the first degree and menacing in the second degree. The first trial resulted in a hung jury. A retrial culminated in the jury finding him guilty of both of the charged crimes and he was sentenced, as a second felony offender, to a

prison term that included 3½ to 7 years to run consecutive to his current term of incarceration. Defendant appeals.

We turn first to defendant's contention that County Court committed reversible error in its rulings when defendant attempted to cross-examine a correction officer about a federal lawsuit that had been brought against the officer by an inmate who asserted that the officer had assaulted him. Specific acts of misconduct may be explored on cross-examination of a witness for impeachment purposes when such cross-examination is conducted in good faith upon a reasonable basis in fact (*see People v Hasenflue*, 252 AD2d 829, 831 [1998], *lv denied* 92 NY2d 982 [1998]). The cross-examiner is generally bound by the answer of the witness and cannot introduce extrinsic evidence regarding the collateral issue (*see People v Pavao*, 59 NY2d 282, 288-289 [1983]). While the scope of inquiry into a collateral issue is vested in the discretion of the trial court (*see People v Duffy*, 36 NY2d 258, 262-263 [1975], *cert denied* 423 US 861 [1975]; Prince, Richardson on Evidence §§ 6-304, 6-406 [Farrell 11th ed]), unduly restricting efforts to question a key witness about specific criminal or nefarious acts may nevertheless constitute reversible error (*see e.g. People v Jones*, 193 AD2d 696, 697-698 [1993]).

Here, the correction officer being questioned was a primary accuser of defendant. There was a good faith basis for the line of questioning regarding his alleged prior bad acts. Indeed, the officer acknowledged that he had been accused of previously using excessive force against an inmate. However, when counsel attempted to explore this prior incident, County Court prompted an objection from the District Attorney to defendant's questioning. The court then characterized the questioning regarding the alleged earlier assault as raising "the Mark Furman syndrome." After cutting short defendant's line of inquiry regarding the federal action, County Court issued a "curative" instruction to the jury that "mythical or real" lawsuits were not germane and served as a distraction to the matter on trial. In the current case, which resulted in a hung jury after a first trial, credibility was a key and close issue.* Yet, defendant was not allowed to question the correction officer in any respect concerning the federal lawsuit and purported prior assault since the trial court ruled that inquiry into this area was "improper," "irrelevant"

---

* Before finally reaching a verdict convicting defendant in the second trial, the jurors had inquired what would occur if they could not all agree. Indeed, County Court's instruction in response to this query forms the basis for another issue that defendant alleges constituted reversible error. We need not reach that issue since we are reversing on other grounds.

and "its prejudice highly outweigh[ed] any probative value it ha[d]." Our review of the record leads us to the conclusion that County Court's action in initiating the objection, its comments, its ruling and the "curative" instruction to the jury regarding the collateral issue that defendant sought to pursue rose to the level of an abuse of discretion constituting reversible error. Moreover, the error in prohibiting questioning about a prior assault allegedly perpetrated by an officer who was a key accuser of defendant is not, under the circumstances of this case, harmless beyond a reasonable doubt (*see Matter of Jerome D.*, 212 AD2d 699, 700 [1995]; *People v Jones, supra* at 697-698; *cf. People v Hasenflue, supra* at 831).

The remaining issues are academic.

Mercure, J.P., Peters, Mugglin and Rose, JJ., concur. Ordered that the judgment is reversed, on the law, and matter remitted to the County Court of Greene County for a new trial.