■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JIMMY BARNER, Appellant. [815 NYS2d 862]—

Appeal from a judgment of the Erie County Court (Sheila A. DiTullio, J.), rendered November 13, 2002. The judgment convicted defendant, upon a jury verdict, of robbery in the second degree and robbery in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him, following a jury trial, of robbery in the second degree (Penal Law § 160.10 [1]) and robbery in the third degree (§ 160.05), defendant contends that County Court erred in discharging a sworn juror. Defendant consented to that juror's discharge, however, and thus has waived his present contention (see generally People v Hicks, 12 AD3d 1044, 1045 [2004], lv denied 4 NY3d 799 [2005]). Although we agree with defendant that the court erred in admitting evidence that he showed the victim what appeared to be drugs and that he was in possession of drugs when he was apprehended by the police, the court gave limiting instructions that minimized any prejudice (see generally People v Carson, 4 AD3d 805, 806 [2004], lv denied 2 NY3d 797 [2004]), and we conclude that the error in the admission of that evidence is harmless (see generally People v Crimmins, 36 NY2d 230, 241-242 [1975]). We reject defendant's contention that the court erred with respect to its remaining Molineux rulings (see generally People v Alvino, 71 NY2d 233, 241-242 [1987]; People v Washington, 306 AD2d 701, 702 [2003], lv denied 100 NY2d 600 [2003]; People v Foster, 295 AD2d 110, 112 [2002], lv denied 98 NY2d 710 [2002]). We reject the further contention of defendant that the court erred in limiting his right to cross-examine the victim concerning the victim's psychiatric history. Defendant failed to make the requisite offer of proof "that the victim had such a history, or that such evidence would bear upon [his] credibility or otherwise be relevant" (People v Byers, 254 AD2d 494, 494 [1998], lv denied 93 NY2d 1043 [1999]; see People v Middlebrooks, 300 AD2d 1142, 1143 [2002], lv denied 99 NY2d 630 [2003]). We have reviewed defendant's remaining contention and conclude that it is without merit. Present—Hurlbutt, J.P., Gorski, Martoche, Smith and Hayes, JJ.