Third Department, April, 2012

(April 5, 2012)

■ The People of the State of New York, Respondent, v Malcolm Chandler, Appellant. [941 NYS2d 346]—

Malone Jr., J. Appeal from a judgment of the County Court of Schenectady County (Giardino, J.), rendered September 9, 2008, upon a verdict convicting defendant of the crimes of assault in the second degree, resisting arrest and aggravated unlicensed operation of a motor vehicle in the second degree.

As a result of an incident in which defendant evaded police during a car chase and, after abandoning the vehicle, fled from

them on foot, thereby causing physical injury to a police officer, defendant was convicted after a jury trial of assault in the second degree, resisting arrest and aggravated unlicensed operation of a motor vehicle in the second degree. He was thereafter sentenced, as a second felony offender, to an aggregate prison term of five years, with three years of postrelease supervision. Defendant appeals.

We are unpersuaded by defendant's contention that his conviction of assault in the second degree is against the weight of the evidence because the record does not support a finding that the police officer suffered a physical injury. The evidence at trial established that one of the police officers who chased defendant on foot fell headfirst to the ground as he scaled a fence and injured his head and thumb. The officer was transported to the hospital, where he reported "[t]hrobbing pain" in both his head and hand, complained of significant pain and dizziness and was given a dose of a narcotic pain medication used to treat moderate to severe pain. A physician at the hospital also noted swelling and decreased mobility of the officer's thumb. Viewing this evidence in a neutral light, and giving deference to the jury's credibility determinations, there was ample evidence from which the jury could reasonably infer that the officer's injuries caused "more than slight or trivial pain" (*People v Chiddick*, 8 NY3d 445, 447 [2007]; *see* Penal Law § 10.00 [9]; § 120.05 [3]).

We are similarly unpersuaded by his contention that the record does not support the jury's finding that the police officers were performing a lawful duty or making an authorized arrest at the time of the incident and, therefore, his convictions of assault in the second degree and resisting arrest are against the weight of the evidence. The evidence at trial established that the police officers received a report of a stolen vehicle that included details such as make, model, color and license plate number. When the police officers identified the vehicle that defendant was driving as exactly matching the vehicle reported stolen, they unsuccessfully attempted to stop defendant. After a brief car chase, defendant abandoned the vehicle while it was still moving and fled on foot, at which point the officers gave chase until defendant was apprehended.* Under these circumstances, the officers had probable cause to arrest defendant (*see People v Maldonado*, 86 NY2d 631, 635 [1995]), and the evidence could lead the jury to then reasonably infer that the officers were engaged in a lawful duty and making an authorized

---

* Contrary to defendant's contention, it is irrelevant that it was later discovered that the report was incorrect and the vehicle was not, in fact, stolen.

arrest at the time of the injuries (*see* Penal Law § 120.05 [3]; § 205.30; *People v Winchester*, 14 AD3d 939, 940-941 [2005], *lv denied* 5 NY3d 796 [2005]; *compare People v Lindsey*, 52 AD3d 527 [2008], *lv denied* 11 NY3d 738 [2008]).

As for defendant's remaining contentions, County Court properly determined that defendant was not permitted to cross-examine the injured officer regarding the details of his suspension from work because the fact that accusations had been made against him was not permissible impeachment evidence (*see People v Miller*, 91 NY2d 372, 380 [1998]; *People v Antonetty*, 268 AD2d 254 [2000], *lv denied* 94 NY2d 945 [2000]). Any error by the court in refusing to permit defendant to cross-examine the injured officer regarding certain specific acts of misconduct, which may have been permissible (*see People v Daley*, 9 AD3d 601, 602 [2004]), was harmless because other witnesses also provided ample evidence of the officer's injuries and the events surrounding defendant's arrest (*see People v Hasenflue*, 252 AD2d 829, 831 [1998], *lv denied* 92 NY2d 982 [1998]).

Finally, we are not convinced that the sentence imposed by County Court is harsh or excessive.

Mercure, A.P.J., Rose, Garry and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.