■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DWAYNE BROWN, Appellant. [962 NYS2d 245]—

Appeal by the defendant from a judgment of the County Court, Orange County (Freehill, J.), rendered December 8, 2010, convicting him of course of sexual conduct against a child in the first degree and course of sexual conduct against a child in the second degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the conviction of course of sexual conduct against a child in the second degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

The defendant was not deprived of his right to the effective assistance of trial counsel. There is no merit to the defendant's contention that his attorney waived a pretrial suppression hearing. The record shows that the trial court incorporated the suppression issue into the trial (*see* CPL 710.10). In addition, the record as a whole demonstrates that the defendant was afforded the effective assistance of counsel (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]).

The defendant contends that the County Court improperly curtailed the scope of cross-examination of the complaining witness. In general, a "witness may be interrogated upon cross-examination with respect to any immoral, vicious, or criminal acts which may affect his [or her] character and show [the witness] to be unworthy of belief, provided the cross-examiner

questions [the witness] in good faith and upon a reasonable basis in fact" (*Matter of Jerome D.*, 212 AD2d 699, 700 [1995]; *see People v Daley*, 9 AD3d 601, 602 [2004]). Here, any error in connection with the scope of cross-examination was harmless, as there was overwhelming evidence of the defendant's guilt, and no reasonable possibility that the error might have contributed to the defendant's conviction (*see People v Crimmins*, 36 NY2d 230, 237-238 [1975]; *People v Wallace*, 60 AD3d 1268, 1270 [2009]; *People v Batista*, 113 AD2d 890, 891 [1985]).

As the People correctly concede, the defendant's conviction of the count of course of sexual conduct against a child in the second degree must be dismissed. As charged, that count was an inclusory concurrent count of the conviction of course of sexual conduct against a child in the first degree (*see* CPL 1.20 [37]; 300.30 [4]; *People v Grier*, 37 NY2d 847, 848 [1975]).

The defendant failed to preserve for appellate review his challenge to the legal sufficiency of the evidence (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]; *People v Finger*, 95 NY2d 894, 895 [2000]; *People v Gray*, 86 NY2d 10, 19 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), the prosecution adduced legally sufficient proof of the defendant's guilt of the offense of course of sexual conduct against a child in the first degree (*see People v Ames*, 96 AD3d 867, 868 [2012]; *People v Lupo*, 92 AD3d 1136, 1137-1138 [2012]; *People v Stewart*, 60 AD3d 1111, 1112-1113 [2009]; *People v Nowinski*, 36 AD3d 1082, 1083-1084 [2007]; *People v Frary*, 29 AD3d 1223, 1224-1225 [2006]).

In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 348-349 [2007]; *People v Romero*, 7 NY3d 633, 644-645 [2006]), we nevertheless accord great deference to the trier of fact's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record, we are satisfied that the verdict of guilt with respect to the count charging course of sexual conduct against a child in the first degree was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Skelos, J.P., Balkin, Austin and Sgroi, JJ., concur.