# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

461
KA 09-00461
PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

JOSEPH J. THOMAS, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DAVID R. JUERGENS OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Thomas R. Morse, A.J.), rendered December 19, 2008. The judgment convicted defendant, upon a jury verdict, of burglary in the second degree, assault in the third degree, aggravated criminal contempt and criminal contempt in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of, inter alia, burglary in the second degree (Penal Law § 140.25 [2]) and aggravated criminal contempt (§ 215.52 [1]), for forcing his way into the apartment of the victim's mother and beating the victim with his fists and a metal rod. At the time of the offenses, there was a valid order of protection in effect prohibiting defendant from having contact with the victim. Defendant contends that he is entitled to a new trial because County Court erred in refusing to allow defense counsel to cross-examine the victim and her mother about their alleged bipolar disorder. We reject that contention. It is well settled that, absent a sufficient offer of proof, cross-examination of a witness concerning his or her mental illness may properly be disallowed (*see People v Barner*, 30 AD3d 1091, 1092, *lv denied* 7 NY3d 809; *People v Middlebrooks*, 300 AD2d 1142, 1143, *lv denied* 99 NY2d 630). Here, when asked for an offer of proof, defense counsel stated that it was his client's "belief" that the two witnesses each suffered from bipolar disorder. Defense counsel offered no basis for his client's belief, and he stated that he did not intend to call an expert witness to testify that bipolar disorder can affect a person's credibility or ability to recall events (*see generally Barner*, 30 AD3d at 1092; *Middlebrooks*, 300 AD2d at 1143).

In any event, even assuming, arguendo, that the court erred in

refusing to allow defense counsel to cross-examine the witnesses concerning their alleged mental illness, we conclude that any error is harmless (*see generally People v Crimmins*, 36 NY2d 230, 241-242).  The victim's testimony was corroborated by that of her mother, who was present when the crimes were committed, as well as that of the superintendent of the apartment building, who lived directly adjacent to the victim's mother.  The superintendent testified that, after hearing screaming and banging noises, he stepped into the common hallway where he observed defendant fleeing from the apartment in which the victim was located.  Upon entering the apartment, the superintendent saw that the victim was bleeding from her head.  In addition, shortly after the attack, defendant pinned a note to the victim's door acknowledging his guilt and seeking her forgiveness, and he also made an admission to the police following his arrest.  The evidence of guilt is thus overwhelming, and there is no significant probability that defendant otherwise would have been acquitted (*see id.*).

Entered:  June 14, 2013                    Frances E. Cafarell
                                           Clerk of the Court