Appeal by the defendant from a judgment of the County *801 Court, Suffolk County (Weber, J.), rendered April 14, 2010, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence.
Ordered that the judgment is affirmed.
Viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we find that the evidence was legally sufficient to establish the defendant’s guilt of burglary in the second degree beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the factfinder’s opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383 [2004], cert denied 542 US 946 [2004]; People v Bleakley, 69 NY2d 490 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
The defendant contends that his right to confront witnesses against him was violated by the admission into evidence of certain testimony. A forensic scientist, Karen Galindo, employed by the Suffolk County Crime Laboratory, testified at trial that she performed DNA analysis on blood recovered from the crime scene and on a buccal swab taken from the defendant thereafter. The analysis included the creation of DNA profiles from each, which Galindo then compared. At trial, Galindo testified that the DNA profile from the blood matched the DNA profile from the defendant’s buccal swab. She also testified about the defendant’s DNA profile that had been logged into the New York State Combined DNA Indexing System. Any alleged violation of the defendant’s right to confrontation (see US Const 6th Amend; Williams v Illinois, 567 US —, 132 S Ct 2221 [2012]; cf. People v Oliver, 92 AD3d 900 [2012]) was harmless error given the overwhelming evidence of the defendant’s guilt and our conclusion that there was no reasonable possibility that any such error contributed to the defendant’s conviction (see People v Crimmins, 36 NY2d 230 [1975]; People v Encarnacion, 87 AD3d 81 [2011]).
The defendant’s contention that his rights under CPL 30.30 were violated is without merit, as are the defendant’s remaining contentions. Dillon, J.P., Chambers, Austin and Duffy, JJ., concur.