■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CURTIS ELLIOT, Appellant. [4 NYS3d 612]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Dwyer, J.), rendered September 27, 2012, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

During the trial of the instant action the Supreme Court held a hearing to determine whether the defendant had a good-faith basis to impeach the credibility of a police officer witness by questioning him about his involvement in a police shooting that was unrelated to the instant action. The defendant contends that the court violated his constitutional rights to confront the witnesses against him, to present a defense, and

to a fair trial when, at the hearing, it refused to require the officer to disclose the specific details of the incident and precluded the defendant from further cross-examination of the officer about the incident, and when, after the hearing, it precluded the defendant from cross-examining the officer about the incident at trial.

"A defendant has a constitutional right to confront the witnesses against him through cross-examination" (*People v Middlebrooks*, 300 AD2d 1142, 1143 [2002]). "In general, a 'witness may be interrogated upon cross-examination with respect to any immoral, vicious, or criminal acts which may affect his [or her] character and show [the witness] to be unworthy of belief, provided the cross-examiner questions [the witness] in good faith and upon a reasonable basis in fact' " (*People v Brown*, 103 AD3d 912, 912-913 [2013], quoting *Matter of Jerome D.*, 212 AD2d 699, 700 [1995]; *see People v Daley*, 9 AD3d 601, 602 [2004]).

Initially, since the defendant did not raise his constitutional claims at trial, his contentions are unpreserved for appellate review (*see People v Lane*, 7 NY3d 888, 889 [2006]; *People v Lopez*, 82 AD3d 1264, 1264 [2011]; *People v Haddock*, 79 AD3d 1148, 1149 [2010]; *People v Hamilton*, 66 AD3d 921, 921-922 [2009]; *People v Howell*, 44 AD3d 686, 687 [2007]). In any event, his contentions are without merit. The officer stated at the hearing that he had not been suspended or reprimanded in connection with the unrelated shooting, that no charges were pending against him, that he still had his gun and badge, that there had been no change in his duty status, and that the police department had deemed the incident a "good shoot." Thus, nothing in the officer's statements at the hearing indicated that there might be a reasonable basis in fact for a finding that he had engaged in any immoral, vicious, or criminal act in connection with the shooting. Accordingly, the Supreme Court did not violate the defendant's constitutional rights to confront the witnesses against him, to present a defense, and to a fair trial when it, among other things, precluded further cross-examination of the officer about the shooting. Leventhal, J.P., Hall, Austin and Maltese, JJ., concur.