People v Dyson (2019 NY Slip Op 01225)





People v Dyson


2019 NY Slip Op 01225


Decided on February 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
BETSY BARROS, JJ.


2015-12036
 (Ind. No. 1064/12)

[*1]The People of the State of New York, respondent,
v
Derrin Dyson, appellant.


Paul Skip Laisure, New York, NY (Jenin Younes of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Anthea H. Bruffee, and Clifford Chance LLP [Tara McGrath], of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Albert Tomei, J.), rendered November 12, 2015, convicting him of criminal sexual act in the first degree, sexual abuse in the first degree, burglary in the first degree (two counts), robbery in the first degree (four counts), robbery in the second degree (two counts), criminal possession of a weapon in the second degree (two counts), unlawful imprisonment in the first degree (two counts), and criminal possession of stolen property in the fifth degree (two counts), after a nonjury trial, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted of various crimes based upon his participation in an armed home-invasion robbery and sexual assault that occurred in an occupied residence of an apartment building in Brooklyn.
Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in admitting evidence of two other burglaries to which the defendant pleaded guilty, since those crimes tended to show that the defendant employed a " unique, unusual, or distinctive modus operandi'" which was relevant to proving his identity as the perpetrator of the crime charged (People v Wright, 121 AD3d 924, 926, quoting People v Mateo, 93 NY2d 327, 332). Where, as here, "there is a proper nonpropensity purpose, the decision whether to admit evidence of [a] defendant's prior bad acts rests upon the trial court's discretionary balancing of probative value and unfair prejudice" (People v Dorm, 12 NY3d 16, 19). Given that this was a nonjury trial in which the court is presumed to have considered only competent evidence in reaching its verdict (People v Lomaglio, 124 AD3d 1414, 1416; People v Kozlow, 46 AD3d 913, 915; People v Sims, 127 AD2d 805), and the express limited purpose for which the court admitted such evidence, there was no risk that the evidence would be improperly used to show criminal propensity (see People v Arafet, 13 NY3d 460, 464-465).
We agree with the defendant that the Supreme Court should not have admitted, over the defendant's objection, the testimony of the People's DNA expert, as such testimony violated the [*2]defendant's right to confrontation (see US Const Sixth Amend). In order to satisfy the Confrontation Clause where the People seek to introduce testimonial DNA evidence, "an analyst who witnessed, performed or supervised the generation of defendant's DNA profile, or who used his or her independent analysis on the raw data, as opposed to a testifying analyst functioning as a conduit for the conclusions of others, must be available to testify" (People v John, 27 NY3d 294, 315; People v Austin, 30 NY3d 98, 104). Although the People's expert testified that he conducted a "technical review" of the reports prepared by another criminalist whom he supervises, he did not establish that such review entailed using his own independent analysis on the raw data (see People v Austin, 30 NY3d at 104-105; People v John, 27 NY3d at 315).
Even so, the error in admitting the testimonial DNA evidence was harmless since the proof of the defendant's guilt, without reference to the erroneously admitted DNA evidence, was overwhelming and there was no reasonable possibility that the Supreme Court would have acquitted the defendant had it not been for the error (see People v Crimmins, 36 NY2d 230, 237; People v Murdock, 163 AD3d 590, 591; People v Jacob, 117 AD3d 1079, 1080; People v Witherspoon, 116 AD3d 800, 801). An accomplice testified regarding the defendant's participation in the charged crimes. The defendant posted incriminating material on the Internet, and a watch belonging to one of the complainants was found in the defendant's home. Additionally, an employee of a local bodega testified that, on the date the crimes were committed, the defendant along with other individuals attempted to sell him laptops and electronics that were stolen from the victims.
RIVERA, J.P., CHAMBERS, COHEN and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court