People v Brown (2023 NY Slip Op 05145)

People v Brown

2023 NY Slip Op 05145

Decided on October 11, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 11, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
LILLIAN WAN, JJ.

2016-10216
 (Ind. No. 7250/13)

[*1]The People of the State of New York, respondent,
v
Andre Brown, appellant.

Patricia Pazner, New York, NY (Sean Nuttall, Jonathan Schoepp-Wong, and Anna Jouravleva of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Morgan J. Dennehy of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Miriam Cyrulnik, J.), rendered September 7, 2016, convicting him of robbery in the first degree (two counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that the Supreme Court violated his constitutional rights to present a defense and to due process by precluding him from cross-examining a police witness about a certain Facebook post is unpreserved for appellate review, since the defendant did not raise his constitutional claims at trial (see People v Lane, 7 NY3d 888, 889; People v Elliot, 127 AD3d 779, 779-780). In any event, his contention is without merit. "A defendant has a constitutional right to confront the witnesses against him through cross-examination" (People v Middlebrooks, 300 AD2d 1142, 1143). "In general, a witness may be interrogated upon cross-examination with respect to any immoral, vicious, or criminal acts which may affect his [or her] character and show [the witness] to be unworthy of belief, provided the cross-examiner questions [the witness] in good faith and upon a reasonable basis in fact" (People v Brown, 103 AD3d 912, 912-913 [internal quotation marks omitted]). Here, the court providently exercised its discretion in precluding cross-examination regarding the Facebook post, as such testimony would have been irrelevant to the material issues at trial (see People v Thomas, 46 NY2d 100, 105; People v Mohamed, 104 AD3d 707; People v Bowen, 67 AD3d 1022).
The defendant's specific contentions regarding the Supreme Court's Sandoval ruling (see People v Sandoval, 34 NY2d 371) are largely unpreserved for appellate review (see CPL 470.05[2]; People v Jones, 173 AD3d 1062). In any event, the court providently exercised its discretion in ruling that, if the defendant testified, the prosecution could cross-examine him regarding two prior felony convictions, without permitting inquiry into the specific nature of those prior convictions or underlying facts (see People v Mackey, 49 NY2d 274, 282; People v Seymour, 77 AD3d 976, 978-979; People v Diaz, 50 AD3d 919).
The defendant failed to preserve for appellate review his contention that his rights to [*2]due process and to confront witnesses against him were violated by a testifying police witness' reference to the fingerprint analysis findings of a non-testifying detective (see CPL 470.05[2]; People v Liner, 9 NY3d 856; People v Lane, 7 NY3d at 889). In any event, to the extent that the testimony was improper, any alleged violation of the defendant's rights to confrontation and due process was harmless, as the evidence of the defendant's guilt was overwhelming, and there is no reasonable possibility that the alleged error contributed to the defendant's conviction (see People v Crimmins, 36 NY2d 230; People v Witherspoon, 116 AD3d 800, 801).
The defendant failed to preserve for appellate review his contention that the sentence imposed by the Supreme Court improperly penalized him for exercising his right to a jury trial, because he did not set forth the issue on the record at the time of sentencing (see CPL 470.05[2]; People v Hurley, 75 NY2d 887, 888). In any event, the record fails to establish that the court penalized the defendant for exercising his right to proceed to trial (see People v Moncayo, 195 AD3d 750).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
IANNACCI, J.P., GENOVESI, DOWLING and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court