People v Mohammed (2024 NY Slip Op 50263(U))

[*1]

People v Mohammed

2024 NY Slip Op 50263(U)

Decided on March 13, 2024

District Court Of Nassau County, First District 

Engel, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 13, 2024
District Court of Nassau County, First District 

The People of the State of New York,

against
Ashley Mohammed, Defendant.

Docket No. CR-010475-23NA

Anne Donnelly, Nassau County District Attorney
Joseph Carbone, Esq., Defendant's Attorney

Andrew M. Engel, J.

The Defendant is charged with driving while ability impaired, driving while intoxicated per se, aggravated driving while intoxicated and driving while intoxicated, in violation of VTL §§ 1192(1), 1192(2), 1192(2a) and 1192(3), respectively.
The Defendant previously moved for an order striking the People's Certificate of Compliance ("COC") and Certificate of Readiness ("COR"), filed on September 11, 2023, and their Supplemental Certificate of Compliance ("SCOC") and Supplemental Certificate of Readiness ("SCOR"), filed on September 29, 2023, pursuant to CPL § 245.20 and dismissing the charges pursuant to CPL §§170.30(1)(e) and 30.30. The Defendant's Affirmation in Reply therein also raised allegations challenging the validity of the People's SCOC and SCOR filed on October 30, 2023, although those certificates were not included in the Defendant's motion, given the fact that those certificates were not filed until nearly one month after the date of the Defendant's moving papers. For this reason, the validity of those certificates was not properly before the court at that time.
The Defendant's prior motion resulted in a Decision and Order of this court, dated December 4, 2023, striking the People's COC and COR, filed on September 11, 2023, and their SCOC and SCOR, filed on September 29, 2023, calculating the speedy trial time to be charged to the People as ninety (90) days and denying dismissal pursuant to CPL § 170.30(1)(e).
The Defendant now moves for an order striking the People's Supplemental Certificate of Compliance ("SCOC") and Supplemental Certificate of Readiness ("SCOR"), filed on October 30, 2023, pursuant to CPL § 245.20 and dismissing the charges pursuant to CPL §§170.30(1)(e) and 30.30.
As he did in his prior motion, the Defendant alleges that the People failed to provide him [*2]with contact information for a witness who was a passenger in a vehicle with which the Defendant was involved in an accident, as required by CPL § 245.20(1)(c), memo books for Police Officers Kazlauskas and Officer Dellaquila, as required by CPL § 245.20(1)(e) and disciplinary records for Police Officers Azzara and Lopez, as required by CPL § 245.20(1)(k)(iv), prior to filing their SCOC and SCOR dated October 30, 2023, despite the fact that their absence was raised in the prior motion and the Decision and Order dated December 4, 2023.
WITNESS CONTACT INFORMATION
CPL § 245.20(1)(c) provides, in pertinent part, that the People shall make available to the Defendant, "The names and adequate contact information for all persons other than law enforcement personnel who the prosecutor knows to have evidence or information relevant to any offense charged or to any potential defense thereto . . .."
As they did in opposition to the Defendant's previous motion, the People allege that they provided the Defendant with a motor vehicle accident report which lists the name of this passenger/witness. The People do not deny that they failed to provide the Defendant with adequate contact information for this passenger/witness, nor do the People make any effort to explain their due diligence in attempting to obtain this contact information and to provide same to the Defendant. 
CPL § 245.20(2) unambiguously makes clear, "For purposes of subdivision one of this section, all items and information related to the prosecution of a charge in the possession of any New York state or local police or law enforcement agency shall be deemed to be in the possession of the prosecution."
In furtherance thereof, CPL § 245.55(1) mandates:
The district attorney and the assistant responsible for the case, . . . shall endeavor to ensure that a flow of information is maintained between the police and other investigative personnel and his or her office sufficient to place within his or her possession or control all material and information pertinent to the defendant and the offense or offenses charged, including, but not limited to, any evidence or information discoverable under paragraph (k) of subdivision one of section 245.20 of this article.
CPL § 245.55(2) further requires, ". . . upon request by the prosecution, each New York state and local law enforcement agency shall make available to the prosecution a complete copy of its complete records and files related to the investigation of the case or the prosecution of the defendant for compliance with this article."
Even though the People do not dispute that the police spoke to this passenger/witness, they fail to indicate, who, if anyone, on behalf of the People made inquiry of the Officers involved to ascertain the contact information for this witness, who they spoke to, when this inquiry was made and what was the result. The People simply remain silent.
Moreover, CPL § 245.20(2) also obligates the prosecution to "make a diligent, good faith effort to ascertain the existence of material or information discoverable under subdivision one of this section and to cause such material or information to be made available for discovery where it exists but is not within the prosecutor's possession, custody or control." Once again, the People are silent regarding what diligent, good faith efforts they made to ascertain the existence of any contact information for this passenger/witness.
MEMO BOOKS FOR POLICE OFFICERS KAZLAUSKAS AND OFFICER DELLAQUILA
Despite the fact that the absence of memo books for Officers Kazlauskas and Dellaquila was brought to the People's attention in the Defendant's prior motion, according to the Defendant, she was not provided with same prior to the People filing their SCOC and SCOR on October 30, 2023. Moreover, the People's papers in opposition are completely silent on this issue.
The People neither contest the Defendant's representation, nor attempt to explain their failure to provide these items.
DISCIPLINARY RECORDS FOR POLICE OFFICERS AZZARA AND LOPEZ
Given the People's failure to provide the Defendant with adequate contact information for the passenger/witness and the memo books for Officers Kazlauskas and Dellaquila, the People's SCOC and SCOR are to be vacated See: People v. Bay, — NY3d &mdash, 2023 NY Slip Op. 06407 (2023) The court will, nevertheless, address some of the arguments raised by the People's conserning the "subject matter of the case."
The People's position notwithstanding, they acknowledge that "there was no clear appellate guidance regarding what automatic discovery obligations C.P.L. § 245.20(1)(k)(iv) imposes on the People." (Memorandum of Law 2/5/24, ¶ 10) Indeed, compare People v. Johnson, 218 AD3d 1347, 194 N.Y.S.3d 859 (4th Dept. 2023), which dealt with the broad category of "personnel records," with Matter of Jayson C., 200 AD3d 447, 159 N.Y.S.3d 40 (1st Dept. 2021), where the court recognized that CPL § 245.20(1)(k)(iv) "broadly requires disclosure of all impeachment evidence[.]" The People further acknowledge that the Appellate Term, Ninth and Tenth Judicial District "muddied the appellate waters further when it issued a decision in People v. Hunter Weisman, A.T. Dkt. No. 2021-825 S CR (App. Term 9th & Tenth Jud. Dists. Oct. 26, 2023)"[FN1]
(Memorandum of Law 2/5/24, ¶ 11), which contradicted, but did not recall or overrule its previous decision in People v. Hamizane, 80 Misc 3d 7, 194 N.Y.S.3d 666 (App. Term 9th & 10th Jud. Dists. 2023), issued just four months earlier. 
The People also acknowledge, and argue, that "[a] statute must be read to give effect to the plain meaning of the words used therein. See McKinney's Statutes § 98 ('All parts of a statue must be harmonized with each other as well as the general intent of the whole statute, and effect and meaning, must, if possible, be given to the entire statute and every part and word thereof.')" (Memorandum of Law 2/5/24, ¶ 33)
It is clear that the "general intent" of CPL Article 245 is to bring about a sea change in the scope of and the procedures for pre-trial discovery. The statute is neither a simple re-presentation of CPL Article 240 nor a mere codification of prior discovery caselaw. CPL Article 245 places the affirmative obligation on the People to comply with their automatic discovery obligations, as set forth in CPL §§ 245.10 and 245.20(1)(a-u). See: People v. Bay, supra.; People v. Villamar, 69 Misc 3d 842, 132 N.Y.S.3d 593, (Crim. Ct. NY Co. 2020); People v. DeMilio, 66 Misc 3d 759, 117 N.Y.S.3d 830 (County Ct. Dutchess Co. 2020); People v. Lobato, 66 Misc 3d 1230(A), 122 N.Y.S.3d 492 (Crim. Ct. Kings Co. 2020) It has been recognized that "the prosecution's obligation to provide discovery under the current statute is so broad as to virtually constitute 'open file' discovery, or at least make open file discovery the far better course of action to assure compliance." [William C. Donnino, Practice Commentary, McKinney's Cons Laws of [*3]NY, Book 11A, CPL 245.10] See also: People v. Trotman, 77 Misc 3d 1210(A), 178 N.Y.S.3d 426 (Crim. Ct. Queens Co. 2022); People v. Sozoranga-Palacios, 73 Misc 3d 1214(A), 154 N.Y.S.3d 747 (Crim. Ct. NY Co. 2021) Indeed, CPL § 245.20(7) emphasizes that, "There shall be a presumption in favor of disclosure when interpreting sections 245.10 and 245.25, and subdivision one of section 245.20."
In "giv[ing] effect to the plain meaning of the words used" (Memorandum of Law 2/5/24, ¶ 33), the court would point the parties to People v. Pardo, 81 Misc 3d 858, 199N.Y.S.3d 867 (Crim. Ct. Bronx Co. 2023)[FN2]
, wherein the court correctly posits, contrary to the People's argument, that the provisions of CPL § 245.20(1) are anything but clear and unambiguous. The court in Pardo, id. thoroughly examines the grammatical and substantive content of the entirety of CPL § 245.20(1) and logically concludes that the predicate language contained in CPL § 245.20(1) means: 
'The prosecution shall disclose to the defendant ... all items and information that relate to the subject matter of the case and are in the possession ... of the prosecution ..., which includes the following 21 categories.' By that language, the legislature was stating that the 21 specified categories are items and information that relate to the subject matter of the case; the itemized categories are illustrative of information that relates to the subject matter of the case (see People v. Robbins, 206 AD3d 1069, 1071, 169 N.Y.S.3d 413 [3d Dept. 2022] ["CPL 245.20(1) directs a prosecutor to automatically 'disclose to the defendant, and permit the defendant to discover, inspect, copy, photograph and test, all items and information that relate to the subject matter of the case and are in the possession, custody or control of the prosecution or persons under the prosecution's direction or control,' then goes on to give specific examples of information and evidence that must be disclosed"] [emphasis added], lv denied 39 NY3d 942, 177 N.Y.S.3d 530, 198 N.E.3d 773 [2022]). (italics in original)
In support of this interpretation, the court in Pardo, supra. points to numerous examples throughout the subparagraphs of CPL § 245.20(2) which would be rendered meaningless [See: CPL § 245.20(1)(p) and (q)] or superfluous [See: CPL § 245.20(h), (o) and (u)] by the People's interpretation of CPL § 245.20, and carefully dissects these subparagraphs in applying the rules of statutory construction. The court need not repeat this analysis herein, except for the that relating to CPL § 245.20(1)(k) here in issue, which requires the People, in pertinent part, to provide the Defendant with:
All evidence and information, including that which is known to police or other law enforcement agencies acting on the government's behalf in the case, that tends to: (i) negate the defendant's guilt as to a charged offense; (ii) reduce the degree of or mitigate the defendant's culpability as to a charged offense; (iii) support a potential defense to a charged offense; (iv) impeach the credibility of a testifying prosecution witness; (v) undermine evidence of the defendant's identity as a perpetrator of a charged offense; (vi) provide a basis for a motion to suppress evidence; or (vii) mitigate punishment. (bold and underline added)
As the court in Pardo, supra. correctly noted:
Subparagraphs (i), (ii), (iii), and (v) all add to their topic the qualifying language 'a charged offense,' in contrast to subparagraph (iv), which they surround. Subparagraph (iv) does not say information that tends to 'impeach the credibility of a testifying prosecution witness as to a charged offense.'
Clearly, the language, "as to the charged offense," found in subparagraphs (i), (ii), (iii) and (v) would be superfluous if everything had to be related to the subject matter of the case pursuant to CPL § 245.20(1), as the People postulate. The logical reading of these subparagraphs, however, demonstrates the Legislature's intent to limit subparagraphs (i), (ii), (iii) and (v) to "the charged offense," i.e. "the subject matter of the case," whereas subparagraph (iv) has no such limitation, requiring the People to provide the Defendant with "All evidence or information, . . ., that tends to: impeach the credibility of a testifying prosecution witness[.]" The Legislature could have limited such impeachment material "to the charged offense," but clearly chose not to.
This action by the Legislature, and this interpretation of CPL § 245.20(1), are consistent with the Court of Appeals' decision in People v. Smith, 27 NY3d 652, 659, 36 N.Y.S.3d 861, 865 (2016), wherein "[t]he primary issue" was whether it was improper to preclude "cross-examination into allegations of a law enforcement officer's prior misconduct made in an unrelated federal lawsuit[,]" (bold added) or, as stated in the language in the matter before this court, was it improper to preclude "cross-examination into allegations of a law enforcement officer's prior misconduct [unrelated to the subject matter of the case.]" In answering this question in the affirmative, the court noted:
The United States Supreme Court has stated that '[c]ross-examination is the principal means by which the believability of a witness and the truth of his testimony are tested' (Davis v. Alaska, 415 U.S. 308, 316, 94 S.Ct. 1105, 39 L.Ed.2d 347 [1974] ) and that the right of cross-examination is 'implicit in the constitutional right of confrontation, and helps assure the accuracy of the truth-determining process' (Chambers v. Mississippi, 410 U.S. 284, 295, 93 S.Ct. 1038, 35 L.Ed.2d 297 [1973] [internal quotation marks and citation omitted] ).
. . .. As we indicated in Garrett [FN3]
, and emphasize here, law enforcement witnesses should be treated in the same manner as any other witness for purposes of cross-examination. The same standard for good faith basis and specific allegations relevant to credibility applies—as does the same broad latitude to preclude or limit cross-examination.
The court further emphasized:
It is elementary that 'impeachment is a particular form of cross-examination whose purpose is, in part, to discredit the witness and to persuade the fact finder that the witness is not being truthful. One traditional method of accomplishing these ends is to demonstrate through questioning that the witness has been guilty of prior immoral, vicious or criminal conduct bearing on credibility' (People v. Walker, 83 NY2d 455, 461, 611 N.Y.S.2d 118, 633 N.E.2d 472 [1994] [citations omitted] ).
In this regard, and critical to our analysis herein, the court gave specific examples of alleged prior misconduct of members of law enforcement which were unrelated to the subject matter of the defendant's case, where cross-examination should have been permitted. The court specifically noted People v. Daley, 9 AD3d 601, 780 N.Y.S.2d 423 (3rd Dept. 2004), where a defendant charged with promoting prison contraband should have been permitted to cross-examine the officer about unrelated circumstances underlying a federal lawsuit accusing him of assault and People v. Jones, 193 AD2d 696, 598 N.Y.S.2d 40 (2nd Dept. 1993), where a defendant charged with criminal possession of a weapon in the third degree should have been permitted to cross-examination a police witness about unrelated allegations in lawsuits of police brutality, false arrest and excessive force.
The court also laid out the "logical framework for analysis of the issue[,]" leading to the possible admissibility of such a cross-examination:
First, counsel must present a good faith basis for inquiring, namely, the lawsuit relied upon; second, specific allegations that are relevant to the credibility of the law enforcement witness must be identified; and third, the trial judge exercises discretion in assessing whether inquiry into such allegations would confuse or mislead the jury, or create a substantial risk of undue prejudice to the parties (see Delaware v. Van Arsdall, 475 U.S. 673, 679, 106 S.Ct. 1431, 89 L.Ed.2d 674 [1986]; see People v. Harrell, 209 AD2d 160, 160, 618 N.Y.S.2d 631 [1st Dept.1994]).
People v. Smith, supra. at 662, 36 N.Y.S.3d 861, 867
With this in mind, it is difficult to see how records which may "tend[] to impeach the credibility of a testifying prosecution witness" [CPL § 245.20(1)(k)(iv)] is not part of the subject matter of that case. Nevertheless, given the Legislature's mandated "presumption in favor of disclosure [CPL § 245.20(7)] and their very specific omission of the words "as to a charged offense" in CPL § 245.20(1)(k)(iv), it is apparent that the Legislature intended for the disclosure of the disciplinary records here in question, so that defense counsel may become aware of potential avenues of cross-examination, assess whether there is "a good faith basis for inquiring. . .relevant to the credibility of the law enforcement witness[.]" Without conflating discovery with admissibility, ultimately the trial court will determine if such cross-examination will "confuse or mislead the jury, or create a substantial risk of undue prejudice to the parties[.]" Clearly, if deprived of the discovery contemplated by CPL § 245.20(1)(k)(iv), a defendant may never become aware of the prior immoral, vicious or criminal conduct of a member of law enforcement and, for that reason, be denied a right "'implicit in the constitutional right of confrontation,'" People v. Smith, supra. at 659, 36 N.Y.S.3d 861, 865, quoting Chambers v. Mississippi, 410 U.S. 248, 295, 93 S.Ct. 1038 (1973).
The People's alternative argument, that they now no longer intend to call Officers Azzara and Lopez, cannot save their SCOC and SCOR at this late date. While this may, at this point, allow them to withhold from the Defendant the disciplinary records relating to these officers, it cannot retroactively cure an improper SCOC filed five months ago. On October 30, 2023, when the SCOC was filed, the People clearly identified Officers Azzara and Lopez as testifying witnesses, but had not provided the Defendant with their disciplinary records, nor did the People move for a protective order, pursuant to CPL § 245.70, as they had done for other officers. As such, at the time of the filing of the SCOC, it was improper.
CONCLUSION
Having failed to provide the Defendant with contact information for a witness, as required by CPL § 245.20(1)(c), memo books for Police Officers Kazlauskas and Officer Dellaquila, as required by CPL § 245.20(1)(e) and disciplinary records for Police Officers Azzara and Lopez, as required by CPL § 245.20(1)(k)(iv), prior to filing their SCOC and SCOR dated October 30, 2023, and having failed to demonstrate their due diligence in attempting to provide same, the SCOC is found to be improper and shall be vacated. See: People v. Bay, supra. The filing of a proper COC being a prerequisite to filing a valid COR, See: Bay, id., the People's SCOR filed on October 30, 2023 shall be vacated as well.
Finally, while the People filed another SCOC and SCOR on December 5, 2023, which the Defendant does not challenge herein, that filing occurred on the ninety-first (91st) day of this prosecution charged to the People.
Based upon the foregoing, that branch of the Defendant's motion to vacate the SCOC and SCOR filed on October 30, 2023 is granted; and it is hereby
ORDERED, the SCOC and SCOR filed on October 30, 2023 are hereby vacated; and it is further
ORDERED, that this docket is dismissed pursuant to CPL § 170.30(1)(e).
This constitutes the decision and order of this court.
Dated: March 13, 2024
Hempstead, New York
ANDREW M. ENGEL
J.D.C.

Footnotes

Footnote 1:81 Misc 3d 129(A), 199 N.Y.S.3d 344 (App. Term 9th & 10th Jud. Dists. 2023)

Footnote 2:See also: People v. Gehlhaus, — Misc 3d &mdash, 2024 NY Slip Op. 24019 (Dist. Ct. Nassau Co. 2024)

Footnote 3:People v. Garrett, 23 NY3d 878, 994 N.Y.S.2d 22 (2014)